1   Nicholas P. Carrigan (SBN 249584)
    ncarrigan@bohmwildish.com
2   James G. Bohm (SBN 132430)
    jbohm@bohmwildish.com
3   **BOHM WILDISH & MATSEN, LLP**
    695 Town Center Drive, Suite 700
4   Costa Mesa, California 9262
    (714) 384-6500
5   (714) 384-6501

6   Richard A. Illmer[1]
    Texas Bar No. 10388350
7   Rick.illmer@huschblackwell.com
    Chalon N. Clark
8   Texas Bar No. 24050045
    Chalon.clark@huschblackwell.com
9   **HUSCH BLACKWELL, LLP**
    1900 N. Pearl Street, Suite 1800
10  Dallas, Texas 75201
    (214) 999-6100
11  (214) 999-6170 *facsimile*
    **Attorneys for Defendant Keurig Dr Pepper, Inc.**

12

13                **UNITED STATES DISTRICT COURT**

14              **EASTERN DISTRICT OF CALIFORNIA**

15

16  **SACCANI DISTRIBUTING COMPANY,**      **Case No.**
    **a California corporation,**
17                                         **DEFENDANT KEURIG DR PEPPER,**
            **Plaintiff,**                 **INC.'S FEDERAL REMOVAL**
18
    **v.**                                 COMPLAINT FILED: 02/04/2020
19
    **KEURIG DR PEPPER, INC., a Delaware** SACRAMENTO COUNTY SUPERIOR
20  **corporation; and DOES 1 through 20,** COURT, CASE NO. 34-2020-00274782
    **inclusive,**
21
            **Defendants.**
22

23  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24

25

26  ─────────────────────

27  1 Ms. Clark and Mr. Illmer are currently in the process of preparing and filing Applications to Appear *Pro Hac Vice* in this matter.

28

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Keurig Dr Pepper, Inc. ("KDP"), hereby removes the case styled *Saccani Distributing Company, v. Keurig Dr Pepper, Inc., and DOES 1 through 20, inclusive,* Case No.34-2020-00274782, filed in The Superior Court of State of California, County of Sacramento ("State Court Action").   As grounds for removal, KDP respectfully states the following:

## I.     THE STATE COURT ACTION.

1.     On February 4, 2020, Plaintiff Saccani Distributing Company ("Saccani") initiated the State court Action by filing its Complaint for Damages and Other Relief ("Complaint") in The Superior Court of the State of California, County of Sacramento.   Exhibit B(2).

2.     On February 4, 2020, Saccani filed its Civil Case Cover Sheet.  Exhibit B(3).

3.     On February 4, 2020, the Clerk of Court issued a Summons directed to KDP. Exhibit B(4).

4.     On February 4, 2020, the Clerk of Court issued a Notice of Case Management Conference and Order. Exhibit B(5).

5.     The Clerk also issued an Alternative Dispute Resolution Information Package. Exhibit B(6).

6.     On March 17, 2020, KDP was served via Notice and Acknowledgment of Receipt.  Exhibit B(7). To date, the Officer's Return of Summons to KDP has not been filed with the Clerk of The Superior Court.

7.     No further proceedings have taken place in the State Court Action.

## II.     REQUIREMENTS FOR REMOVAL.

8.     In accordance with 28 U.S.C. § 1446(a), KDP attaches the following to its Notice of Removal:

Exhibit A:     Index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed.

Exhibit B:    Copies of all process and pleadings in the State Court Action, individually tabbed and arranged in order of filing under tabs 1 through 8.

Exhibit C:    August 7, 2019 Demand Letter

9.    As stated herein, Plaintiff filed the State Court Action on February 4, 2020.  KDP was served on March 17, 2020.  *See* Exhibit B(7).  Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

10.    As set forth in more detail below, this Court would have original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441.  The Eastern District of California is the United States District embracing Sacramento County, California, the county in which the State Court Action is pending.  *See* 28 U.S.C. § 84(b).

11.    As required by 28 U.S.C. § 1446(d), KDP, the removing parties, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of The Superior Court of Sacramento County, California, where the State Court Action is currently pending.

### III.    THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.

12.    The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.  28 U.S.C. § 1332(a).

#### A.    There is complete diversity of citizenship between the Parties.

13.    Plaintiff is a California corporation with its principal place of business located at 2600 5th Street, Sacramento, California 95818. *(See* Exhibit B(2) ¶ 1).

14. KDP is a Delaware Corporation with its principal place of business in Plano, Texas. Therefore, KDP is a citizen of Texas for diversity purposes.

15. The Court should disregard Defendants named under the fictitious names DOES 1 – 20 for purposes of determining whether complete diversity exists. *See* 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names shall be disregarded").

16. At the time the State Court Action was commenced, and at the time of Removal, KDP was, and currently remains, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332(a)(1). Accordingly, there is complete diversity among the parties.

**B.   The amount in controversy exceeds $75,000.00 exclusive of interest and costs.**

17. When the plaintiff's state court petition does not allege the specific amount of damages, as in the instant case, a court may determine that removal is proper if it is facially apparent from the petition that the claims are likely above $75,000.00. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F. 3d 785 (9th Cir. 2018) (to determine the amount in controversy, the court may consider actual damages, exemplary damages, costs of complying with an injunction, and attorneys' fees). If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice that support a finding of the requisite amount. *Singer*, 116 F.3d at 377. The jurisdictional facts supporting removal must be judged at the time of the removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).

18. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis

of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2). That is, if no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Singer,* 116 F.3d at 377*; see also, Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981-82 (9th Cir. 2013).This requirement can be satisfied if the defendant shows that "it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer*, 116 F.3d at 377 (quoting *Allen*, 63 F.3d at 1335-36); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 1997). To satisfy its burden, the removing party's burden is not to show the amount that plaintiff will ultimately recover; rather, it  only need show the amount that will be at issue in the dispute. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

19.     By letter dated August 7, 2019, counsel for Plaintiff demanded KDP pay Plaintiff $201,260 for "…just and fair compensation…of liquidated damages and repurchase of inventory."  Exhibit C, p. 2.   Plaintiff's complaint specifically requests "…liquidated damages and an amount necessary to repurchase inventory plus laid in costs…" in addition to compensatory damages, economic damages, consequential damages, restitution, prejudgment interest, reasonable attorneys' fees and costs.  Exhibit B(2), ¶¶ 18, 22, 29, 32, 40 and Prayer 1-7.

20.     Considering the Plaintiff demanded $201,260 in August 2019 (Exhibit C), and the Plaintiff seeks additional damages in the complaint, the preponderance of the evidence shows that it is more likely than not that the amount in controversy exceeds $75,000.00.

1

2   **IV.   CONCLUSION**

3        21.    Because there is complete diversity amongst the parties and the amount in

4   controversy exceeds $75,000.00, diversity jurisdiction exists and this Court has subject matter

5   jurisdiction over the case.

6   **V.    PRAYER**

7        WHEREFORE, pursuant to 28 U.S.C. §§ 1332 (a)(1), 1441 and 1446 and in conformance

8   with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes the case styled

9   *Saccani Distributing Company, v. Keurig Dr Pepper, Inc., and DOES 1 through 20, inclusive,*

10  Case No.34-2020-00274782, filed in The Superior Court of State of California, County of

11  Sacramento, so that this Court may assume jurisdiction over the cause as provided by law.  By

12  filing this Notice of Removal, KDP does not consent to personal jurisdiction and files this Notice

13  of Removal without prejudice to its right to assert that KDP lacks sufficient minimum contacts

14  with the State of California to establish personal jurisdiction.

15

16      Dated:  April 16, 2020

17

18                        By:     */s/ Nicholas P. Carrigan*
                                  Nicholas P. Carrigan
19                                (CA Bar No. 249584)
                                  James G. Bohm
20                                (CA Bar No. 132430)

21                        **BOHM WILDISH & MATSEN, LLP**
                          695 Town Center Drive, Suite 700
22                        Costa Mesa, California 9262
                          (714) 384-6500
23                        (714) 384-6501
                          ncarrigan@bohmwildish.com
24                        jbohm@bohmwildish.com
25                        **Attorneys for Defendant Keurig Dr Pepper, Inc**.

26

27

28

---

1

**HUSCH BLACKWELL LLP**

2

By:     _/s/ Richard A. Illmer_
        Richard A. Illmer
3       Texas Bar No. 10388350
        Rick.Illmer@huschblackwell.com
4       Chalon N. Clark
        Texas Bar No. 24050045
5       Chalon.clark@huschblackwell.com

6     1900 N. Pearl Street, Suite 1800
      Dallas, Texas  75201
7     (214) 999-6100
      (214) 999-6170 *facsimile*

8

      **Counsel for Keurig Dr Pepper, Inc.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, <u>Lance Li</u>, declare as follows:

I am over the age of 18 and not a party to this cause.  I am employed in the county where the mailing occurred. My business address is 695 Town Center Drive, Ste. 700, Costa Mesa, CA 92626, which is located in the county where the mailing described below took place.

On **04/16/2020**, I served the document(s) described as: **DEFENDANT KEURIG DR PEPPER, INC.'S FEDERAL REMOVAL** on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail at or in Costa Mesa, California, addressed to:

Moncia Hans Folsom
Kristin N. Ivanco
Delfino Madden O'Malley Coyle & Koewler LLP
500 Capitol Mall, Suite 1500
Sacramento, California 95814

I declare under penalty of perjury that the foregoing is true and correct.Executed on <u>04/16/2020</u> at Costa Mesa, California.

.                                                     <u>/s/ Lance Li</u>
                                                       Lance Li



**EXHIBIT A**

1  Nicholas P. Carrigan (SBN 249584)
   ncarrigan@bohmwildish.com
2  **BOHM WILDISH & MATSEN, LLP**
   695 Town Center Drive, Suite 700
3  Costa Mesa, California 9262
   (714) 384-6500
4  (714) 384-6501
   ncarrigan@bohmwildish.com
5

6  Richard A. Illmer[1]
   Texas Bar No. 10388350
7  Rick.illmer@huschblackwell.com
   Chalon N. Clark
8  Texas Bar No. 24050045
   Chalon.clark@huschblackwell.com
9  **HUSCH BLACKWELL, LLP**
   1900 N. Pearl Street, Suite 1800
10 Dallas, Texas 75201
   (214) 999-6100
11 (214) 999-6170 *facsimile*
   **Attorneys for Defendant Keurig Dr Pepper, Inc**.
12

13                    **UNITED STATES DISTRICT COURT**
14                    **EASTERN DISTRICT OF CALIFORNIA**

15 **SACCANI DISTRIBUTING COMPANY,**
   **a California corporation,**
16

17         **Plaintiff,**                           Case No.

18 **v.**                                            **DEFENDANT KEURIG DR PEPPER,**
                                                      **INC.'S INDEX OF MATTERS FILED**
19 **KEURIG DR PEPPER, INC., a Delaware**
   **corporation; and DOES 1 through 20,**
20 **inclusive,**

21         **Defendants.**

22

23 TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

24         NOW COMES Defendant Keurig Dr Pepper, Inc. ("KDP"), Petition for Removal, and

25 makes and files this its Index of Matters Filed as follows:

26         The documents filed concurrently with this index include:

27 _____

28 [1] Ms. Clark and Mr. Illmer are currently in the process of preparing and filing Applications to Appear *Pro Hac Vice*
   in this matter.
                                                                              **EXHIBIT A**

B1.     Docket sheet of The Superior Court of Sacramento County, California

B2.     February 4, 2020 Complaint filed by Plaintiff Saccani Distributing Company.

B3.     February 4, 2020  Civil Case Cover Sheet.

B4.     February 4, 2020 Summons

B5.     February 4, 2020 Notice of Case Management Conference and Order

B6.     Alternative Dispute Resolution Information Package

B7.     March17, 2020 Notice and Acknowledgement of Receipt

DocID: 4831-9936-7352.1



**EXHIBIT B**

EXHIBIT B1

# Civil Case Details

## ⊟ Case Information

**Case Title**
Saccani Distributing Company vs. Keurig Dr. Pepper Inc., a Delaware Corporation

**Case Number**
34-2020-00274782-CU-BC-GDS

**Case Type**
Breach of Contract/Warranty

**Filing Date**
02/04/2020

**Case Category**
Civil - Unlimited

## ⊟ Participants

| Participant Name | Role | Represented By |
|---|---|---|
| Does 1-20 | Defendant | |
| Keurig Dr. Pepper Inc., a Delaware Corporation | Defendant | |
| Saccani Distributing Company | Plaintiff | Monica S Hans |

## ⊟ Scheduled Hearings

| Event Date | Event Time | Event Type | Department | Status |
|---|---|---|---|---|
| 08/06/2020 | 8:30 AM | Case Management Conference - Case Management Program | 31 | Scheduled |

## ⊟ Register of Actions

Click the Preview button to see a preview of the document. Previewed documents contain every other page, up to a maximum of five pages. To purchase a full version containing all pages, check the checkbox for the document(s) you want and then click the Document Cart link at the top of the page to review your cart / check out.

| ROA# | ROA Entry | Filed Date | Filed By | Pages |
|------|-----------|------------|----------|-------|
| 6 | Case Management Conference - Case Management Program scheduled for 08/06/2020 at 08:30:00 AM in Department 31 at Gordon D Schaber Courthouse and the Notice of Case Management Conference and Order to Appear has been generated . | 02/05/2020 | | 2 |
| 5 | Case assigned to Department 31 . | 02/04/2020 | | |
| 4 | Summons for 30-Day Summons was issued during case initiation on 02/05/2020 . | 02/05/2020 | | |
| 3 | Civil Case Cover Sheet filed. | 02/04/2020 | Saccani Distributing Company (Plaintiff) | 3 |
| 2 | Summons filed. | 02/04/2020 | Saccani Distributing Company (Plaintiff) | 2 |
| 1 | Complaint filed. | 02/04/2020 | Saccani Distributing Company (Plaintiff) | 9 |

EXHIBIT B2

1   DELFINO MADDEN O'MALLEY COYLE
    & KOEWLER LLP
2   MONICA HANS FOLSOM (Bar No. 227379)
    KRISTIN N. IVANCO (Bar No. 294993)
3   500 Capitol Mall, Suite 1550
    Sacramento, CA  95814
4   Telephone:    (916) 661-5700
    Facsimile:    (916) 661-5701
5   mfolsom@delfinomadden.com
    kivanco@delfinomadden.com
6
    Attorneys for Plaintiff
7   SACCANI DISTRIBUTING COMPANY,
    a California corporation
8

FILED
Superior Court Of California
Sacramento
02/04/2020
jhall1
By_____, Deputy
Case Number:
34-2020-00274782

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SACRAMENTO

11

| 12   SACCANI DISTRIBUTING COMPANY, a California corporation, | CASE NO. |
|---|---|
| 13                                                          | **COMPLAINT FOR DAMAGES AND OTHER RELIEF** |
| 14         Plaintiff, | |
| 15      v. | |
| 16   KEURIG DR. PEPPER INC., a Delaware corporation; and DOES 1 through 20, inclusive, | |
| 17 | |
| 18         Defendants. | |

19          Plaintiff SACCANI DISTRIBUTING COMPANY, a California corporation ("Plaintiff" or

20   "Saccani") alleges against Defendant KEURIG DR. PEPPER INC., a Delaware corporation

21   ("Defendant" or "Keurig"), and Does 1 through 20, the following:

22                        **PARTIES, VENUE AND JURISDICTION**

23          1.      Saccani is, and at all times relevant herein was, a California corporation with its

24   principal place of business located at 2600 5th Street, Sacramento, California 95818.  Saccani is a

25   small, family-owned, local beverage distribution business. Saccani was founded in April 1933, after

26   the repeal of prohibition, to distribute alcohol and beverages throughout the Sacramento region.

27   Saccani serves approximately twenty-one (21) counties in Central and Northern California,

28   distributing various brands developed at craft breweries, other domestic and imported beers and a

{00134201.6}                                  1

1    wide array of nonalcoholic beverages.

2         2.    On information and belief, Keurig is now, and was at all times herein mentioned, a

3    Delaware corporation with its principal place of business located at 53 South Avenue, Burlington,

4    MA 01803 in the County of Middlesex.

5         3.    Saccani does not presently know the true names and capacities, whether individual,

6    corporate, associate, or otherwise, of Does 1-20, inclusive; therefore, Saccani sues these persons

7    by such fictitious names and will amend this Complaint to show their true names and capacities

8    once the same have been ascertained. Saccani is informed and believes, and on that basis alleges,

9    that each defendant designated herein as a Doe is legally responsible in some manner for the events

10   and happenings herein referred to, and legally caused injury and damages proximately thereby to

11   Saccani as alleged herein.

12        4.    Saccani is informed and believes, and thereon alleges, that at all times relevant

13   herein, each defendant, including any defendant fictitiously named, was the agent, servant,

14   employee, joint venturer, or partner of each of the other defendants, and was at all times acting

15   within the purpose and the scope of such servitude, employment, agency, joint venture, or

16   partnership or at the direction of the other defendants. Each defendant has ratified and approved

17   the acts of its agents.

18        5.    Saccani is informed and believes, and thereon alleges, that at all times relevant

19   herein, each defendant aided and abetted, and acted in concert with and/or conspired with, each and

20   every other defendant to commit the acts complained of herein and to engage in a course of conduct

21   and business practices complained of herein.

22                          **FACTUAL ALLEGATIONS**

23        6.    In 2006, Saccani and Xyience Beverage Company, LLC ("Xyience") began

24   negotiations regarding exclusive distribution of Xyience energy drink products – "Xenergy" and

25   "Xydrate" ("Products") – and ultimately agreed on terms to govern their relationship. As a result,

26   the parties have continuously operated under the terms of a Distribution Agreement entered into in

27   or about July 2006 (the "Agreement"). Since 2006, the Agreement provided Saccani with the

28   exclusive rights to distribute the Products within eighteen (18) counties of Northern California. In

{00134201.6}                              2

1   doing so, Saccani invested its money, time, talent, and efforts into promoting the Products and
2   building Defendants' brand, equity, and goodwill within the 18-county territory it serviced. On
3   information and belief, Saccani's efforts increased Xyience's market share within Northern
4   California.

5       7.      In 2014, Big Red Group Holdings, LLC ("Big Red") purchased Xyience and
6   continued manufacturing the Products. Following the acquisition, it also continued to honor the
7   terms of the Agreement, including but not limited to pricing, payment, product quality and
8   geographic exclusivity. Indeed, no material changes to Saccani's distribution rights as to the
9   Products occurred.

10      8.      In 2018, Keurig purchased Big Red and, as a result, the Xyience brand. On
11  November 20, 2018, Saccani was notified of this acquisition as it related to Xyience.  Following
12  the acquisition, Keurig initially honored Saccani's exclusive distribution rights as set forth in the
13  Agreement – evidencing the parties' intent for such terms to continue to govern their relationship.

14      9.      During the months following the Keurig acquisition, however, Saccani became
15  aware sales representatives from 7-UP, a subsidiary of Keurig, were distributing the Xyience
16  Products in Saccani's exclusive territories. Shortly after notifying Keurig of this encroachment,
17  Keurig issued Saccani a Notice of Termination of Xyience Distribution on March 27, 2019, to be
18  effective as of April 30, 2019.

19      10.     At no time since 2006 have the terms governing Saccani's distribution of Xyience
20  Products been questioned, amended or re-negotiated by Xyience, Big Red or Keurig. Both Big Red
21  and Keurig ratified the terms of the Agreement by adhering to the parties' thirteen-year course of
22  conduct.

23      11.     Since 2006, Saccani has relied on the existence of the Agreement, as delivered by
24  Xyience, and performed in accordance with its terms. Saccani spent thirteen (13) years developing
25  a market for Xyience's products and investing its time, money, and resources into building
26  Xyience's brand in its territory. Saccani maintained warehouses, trucks and equipment and trained
27  sales staff to promote Xyience's products. Saccani and Xyience periodically discussed sales
28  objectives and the performance of Saccani's staff. At no point over the course of the parties'

{00134201.6}                                    3

1  thirteen-year relationship did Xyience object to any of the terms of the Agreement or assert a belief
2  that the Agreement was not in effect. Further, Xyience continued to perform its own obligations
3  consistent with the Agreement, manifesting the parties' intent that the Agreement was in effect and
4  governed their relationship. Saccani in turn performed its obligations in reliance on the
5  enforceability of the terms of the Agreement. At all relevant times, the parties abided by the terms
6  and provisions of the Agreement. This includes the termination provisions, apart from Defendants'
7  failure to pay the amounts due as a result thereof.

8      12.    The Agreement provides specific terms regarding a termination of Saccani's
9  distribution rights without cause. Xyience provided thirty (30) days' notice of its termination of
10  Saccani's distribution rights in accordance with those provisions of the Agreement, entitling
11  Saccani to liquidated damages and repurchase of its inventory plus laid-in costs.

12      13.    Even in the absence of a written agreement, Saccani and Xyience's course of
13  conduct over the past thirteen years evidences an implied contract as related to Saccani's
14  distribution rights, which is supported by the parties' course of conduct and the custom and usage
15  of trade in the industry. It is custom in the beverage distribution industry to provide thirty (30) days'
16  notice to terminate distribution rights and to pay liquidated damages plus repurchase of inventory
17  including laid in costs. By failing to pay these amounts upon termination of the parties' relationship
18  and Saccani's distribution rights, Defendants have been unjustly enriched. Defendants must be
19  estopped from denying the existence of an agreement that provides for compensation upon
20  termination without cause.

21      14.    As a result of Defendants' actions Saccani has suffered and will continue to suffer
22  damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be
23  determined at trial.

24                      **FIRST CAUSE OF ACTION**

25                        **Breach of Contract**
                        **(Against All Defendants)**
26

27      15.    Saccani repeats and realleges the allegations contained in paragraphs 1 through 14
28  and by reference incorporates the same as though fully set forth herein.

{00134201.6}                           4

1    16.    The parties entered into the Agreement in 2006. The Agreement sets forth the terms

2    and conditions expected of Saccani in distributing the Products, including, among other things, the

3    pricing and payment structure, product quality, and geographic exclusivity terms. The parties

4    operated pursuant to the Agreement until it was terminated.

5    17.    Defendants terminated the Agreement without cause by providing thirty (30) days'

6    notice.

7    18.    As a result, Defendants owe Saccani liquidated damages and an amount necessary

8    to repurchase inventory plus laid in costs as set forth in the Agreement. Saccani is also entitled to

9    all other damages caused by Defendants' breach.

10    19.    As a proximate result of Defendants' wrongful conduct as alleged herein, Saccani

11    has suffered and will continue to suffer damages in excess of the minimum jurisdictional amount

12    of this Court, the exact amount to be determined at trial.

13    ### SECOND CAUSE OF ACTION

14    **Breach of the Implied Covenant of**
     **Good Faith and Fair Dealing**
15    **(Against All Defendants)**

16    20.    Saccani repeats and realleges the allegations contained in paragraphs 1 through 19

17    and by reference incorporates the same as though fully set forth herein.

18    21.    The parties entered into the Agreement in 2006. The Agreement sets forth the terms

19    and conditions expected of Saccani in distributing the Products, including, among other things, the

20    pricing and payment structure, product quality, and geographic exclusivity terms. The parties

21    operated pursuant to the Agreement until it was terminated.

22    22.    Defendants breached the covenant of good faith and fair dealing when Defendants

23    failed to compensate Saccani as a result of the termination by paying liquidated damages and an

24    amount necessary to repurchase inventory plus laid in costs as set forth in the Agreement.

25    23.    Defendants' conduct unfairly prevented Saccani from receiving the benefits of the

26    contract.

27    24.    Defendants are liable to Saccani for its damages and losses resulting from

28    Defendants' breach of good faith and fair dealing.

25.     As a proximate result of Defendants' wrongful conduct as alleged herein, Saccani has suffered and will continue to suffer damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be determined at trial.

### THIRD CAUSE OF ACTION

### Breach of Implied Contract
### (Against All Defendants)

26.     Saccani repeats and realleges the allegations contained in paragraphs 1 through 25 and by reference incorporates the same as though fully set forth herein.

27.     The parties' thirteen-year business relationship was based on the understanding that Saccani would have exclusive distribution rights as to the Products in eighteen (18) counties in Northern California and would be compensated for its efforts in the event of a termination in accordance with the industry standards.

28.     Saccani has acted in good faith to fulfill, and has fulfilled, its obligations as distributor of the Products since 2006. Similarly, Defendants have acted in accordance with such mutual understanding of Saccani's distribution rights and the termination thereof by, among other things, operating under the agreed-upon terms for thirteen (13) years and regularly engaging in discussions regarding sales objectives and further performance by Saccani. An implied contract exists based on the acts and conduct of the parties, and the surrounding circumstances, including their agreement regarding price setting, payment structure, product quality, and geographic exclusivity.

29.     Defendants breached the implied contract by terminating Saccani's distribution rights without paying Saccani liquidated damages and repurchasing inventory plus paying laid in costs as is customary upon termination of beverage distribution rights.

30.     As a proximate result of Defendants' wrongful conduct as alleged herein, Saccani has suffered and will continue to suffer damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be determined at trial.

///

///

{00134201.6}

6

1

2

3

## FOURTH CAUSE OF ACTION

### Promissory Estoppel
### (Against All Defendants)

4     31.    Saccani repeats and realleges the allegations contained in paragraphs 1 through 30

5   and by reference incorporates the same as though fully set forth herein.

6     32.    Defendants promised to pay liquidated damages and repurchase inventory in the

7   event Saccani's distribution rights were terminated by Defendants without cause. Saccani relied on

8   this promise, which Defendants have failed and refused to perform.

9     33.    Saccani's reliance on Defendants' promise was both reasonable and foreseeable

10   based on industry practice and custom as Saccani exclusively distributed the Products in eighteen

11   (18) counties in Northern California for thirteen (13) years, increasing Defendants' market share in

12   such geographic location. Further, the parties operated under the agreed-upon terms for thirteen

13   (13) years and regularly engaged in discussions regarding sales objectives and further performance.

14     34.    As a result of Saccani's reliance on Defendants' promises, and conduct over the last

15   thirteen years, Saccani has suffered and will continue to suffer damages in excess of the minimum

16   jurisdictional amount of this Court, the exact amount to be determined at trial.

17

## FIFTH CAUSE OF ACTION

18

### Unjust Enrichment
### (Against All Defendants)

19

20     35.    Saccani repeats and realleges the allegations contained in paragraphs 1 through 34

21   and by reference incorporates the same as though fully set forth herein.

22     36.    Saccani has invested its money, time, talent, and efforts into promoting Defendants'

23   products and building Defendants' brand, equity, and goodwill within Saccani's exclusive region

24   over the last thirteen (13) years.

25     37.    Defendants have benefited from this investment and continue to benefit from it,

26   which Saccani would not have made but for the understanding that Saccani was protected against

27   termination by Defendants without the payment of liquidated damages and repurchase of inventory

28   to compensate it for its efforts in increasing the value of Defendants' Products.

1        38.    Defendants have benefited from Saccani's efforts for thirteen years, and now, under

2  new leadership after its recent acquisition refuse to compensate Saccani for such investment.

3        39.    As a result of Defendants' actions, Saccani is entitled to recover amounts by which

4  Defendants have been unjustly enriched. It would be unjust for Defendants to retain the benefits of

5  the investments, efforts and services of Saccani without paying the reasonable value thereof.

6        40.    Saccani is entitled to restitution in an amount equal to the reasonable value of such

7  investment and efforts into promoting Defendants' products and building Defendants' brand,

8  equity, and goodwill within Saccani's exclusive region over the last thirteen (13) years, that

9  amount, which is not less than the liquidated damages plus repurchase of inventory including laid

10  in costs provided in the Agreement and/or is custom in the beverage distribution industry, is to be

11  proven at trial.

12                                  **PRAYER FOR RELIEF**

13        WHEREFORE, Saccani prays for judgment against Defendants as follows:

14        1.    For compensatory damages in an amount according to proof;

15        2.    For other economic and consequential damages in an amount to be determined at

16  trial;

17        3.    For liquidated damages;

18        4.    For restitution in an amount according to proof;

19        5.    For pre-judgment interest in an amount according to proof;

20        6.    For reasonable attorneys' fees and costs incurred;

21        7.    For costs of suit; and/or

22        8.    For such other and further relief as the court may deem proper.

23

24  DATED: January 31, 2020          DELFINO MADDEN O'MALLEY COYLE &
                                        KOEWLER LLP

25

26                                By: _____
                                       MONICA HANS FOLSOM

27                                       KRISTIN N. IVANCO
                                       Attorneys for Plaintiff

28                                       SACCANI DISTRIBUTION COMPANY

EXHIBIT B3

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Monica Hans Folsom; Kristin N. Ivanco    (227379/294993) <br> DELFINO MADDEN O'MALLEY COYLE & KOEWLER LLP <br> 500 Capitol Mall, Suite 1550 <br> Sacramento, CA 95814 <br> TELEPHONE NO.: (916) 661-5700   FAX NO.: (916) 661-5701 <br> ATTORNEY FOR *(Name):* Saccani Distributing Company | FOR COURT USE ONLY <br><br> FILED <br> Superior Court Of California, <br> Sacramento <br> 02/04/2020 <br> jhall <br> By _____, Deputy <br> Case Number: <br> 34-2020-00274782 |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento <br> STREET ADDRESS: 720 - 9th Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Sacramento, CA 95814 <br> BRANCH NAME: | |
| CASE NAME: Saccani Distributing Company v. Keurig <br> Dr. Pepper, Inc., and DOES 1-20 | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2020-00274782 |
|---|---|---|
| [X] Unlimited   [ ] Limited <br> (Amount        (Amount <br> demanded      demanded is <br> exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br><br> DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 31, 2020

Monica Hans Folsom
(TYPE OR PRINT NAME)                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CEB Essential Forms <br> ceb.com | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

Saccani

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice- Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

Saccani

# EXHIBIT B4

SUMMONS

*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Keurig Dr. Pepper, Inc., a Delaware corporation,
and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Saccani Distributing Company, a California
corporation

FILED
Superior Court Of California,
Sacramento

02/04/2020

jhall

Case Number:

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER
*(Número del Caso):*

Sacramento County Superior Court
720 9th Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Monica Hans Folsom / Kristin N. Ivanco (227379/294993)
Delfino Madden O'Malley Coyle & Koewler LLP
500 Capitol Mall, Suite 1550; Sacramento, CA 95814; (916) 661-5700

| DATE: | FEB 0 4 2020 | Clerk, by | J. HALL | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use | CEB | Essential | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | Forms | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | ceb.com | | | |

Saccani

EXHIBIT B5

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:     Gordon D Schaber Courthouse<br><br>PHONE NUMBER:     (916) 874-5522 | *FOR COURT USE ONLY* |
|---|---|
| **SHORT TITLE:**     Saccani Distributing Company vs. Keurig Dr. Pepper Inc. | |

| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2020-00274782-CU-BC-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM  on 08/06/2020 in Department  31  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
   -Served all parties named in the complaint within 60 days after the summons has been issued
   -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
   -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 02/05/2020

_Gerrit W Wood_

Gerrit W. Wood, Judge of the Superior Court

EXHIBIT B6

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

*UNLIMITED CIVIL CASES*
- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement.*

LIMITED CIVIL CASES
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



## Arbitration
### *UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

## Additional Information
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (*NAME*): | |
| **Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE: |
| **STIPULATION AND ORDER TO MEDIATION -- UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**Type of Mediation (select one):**

☐ 1. **Court Mediation.** *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 2. **Court Mediation in lieu of previously ordered Arbitration.** *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 3. **Private Mediation.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐ 4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**Neutral**

Court Neutral Selected:                                    Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                  Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                  Name_____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:                                 Name_____
(If type of Mediation selected above is option 3 or 4)

**Other Stipulations**

☐ Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

Stipulation and Order to Mediation -- Unlimited Civil

## STIPULATION AND ORDER TO MEDIATION – UNLIMTED CIVIL

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| | Bar # _____ | |
| | Address _____ | |
| | _____ | |

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| | Bar # _____ | |
| | Address _____ | |
| | _____ | |

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| | Bar # _____ | |
| | Address _____ | |
| | _____ | |

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

## ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore:

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process. The Trial and Settlement Conference dates shall be selected no later than _____.

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for: _____   _____   _____
                                              Date                  Time              Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____

_____

Dated: _____     Signed: _____
                                                      **Judge of the Superior Court**

Stipulation and Order to Mediation – Unlimited Civil

## STIPULATION AND ORDER TO MEDIATION

*(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____   CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

Stipulation and Order to Mediation – Unlimited Civil

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (**NAME**): | |
| Superior Court of California, County of Sacramento<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **MEDIATION STATEMENT** | ASSIGNED DEPT: |

---

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:

Address of court (if different from the address above):

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

All parties have considered Mediation as a means to resolving this case and have agreed:

☐ **Mediation is appropriate for this case.** Parties have submitted a *Stipulation and Order for Mediation* form or will submit a *Stipulation* within 14 days following the Case Management Conference.

☐ **Mediation is not appropriate for this case for the following reasons:**

_____

_____

_____

---

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and Alternative Dispute Resolution (ADR), as well as other issues raised by this statement, and will possess the authority to enter into stipulation on these issues at the time of the Case Management Conference, including the written authority of the party where required.

Date: _____

_____          ▶ _____
(Type or Print Name)                              (Signature of Party or Attorney)


_____          ▶ _____
(Type or Print Name)                              (Signature of Party or Attorney)

Mediation Statement

CV\E–MED–172 (Rev 02.13.09)<br>Local Form Adopted for Mandatory Use

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                 Div.:                    Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:                          f.   Fax number:
   e.   E-mail address:                             g.   Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.   **Referral to judicial arbitration or civil action mediation** (if available).
    (1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
    ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

      Party                     Description                   Date

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

EXHIBIT B7

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 227379 / 294993 | FOR COURT USE ONLY |
|---|---|---|

NAME: Monica Hans Folsom / Kristin N. Ivanco
FIRM NAME: Delfino Madden O'Malley Coyle & Koewler, LLP
STREET ADDRESS: 500 Capitol Mall, Suite 1550
CITY: Sacramento      STATE: CA   ZIP CODE: 95814
TELEPHONE NO.: (916) 661-5700      FAX NO.: (916) 661-5701
E-MAIL ADDRESS: mfolsom@delfinomadden.com; kivanco@delfinomadden.com
ATTORNEY FOR (Name): Plaintiff SACCANI DISTRIBUTING COMPANY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaeber Sacramento County Courthouse

Plaintiff/Petitioner: Saccani Distributing Company
Defendant/Respondent: Keurig Dr. Pepper, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 34-2020-00274782 |
|---|---|

TO (insert name of party being served): Keurig Dr. Pepper, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 17, 2020

Monica Hans Folsom
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):

   Civil Case Cover Sheet; Notice of Case Management Conference and Order to Appear; ADR Information Package; [blank] Stipulation and Order to Mediation - Unlimited Civil; [blank] Mediation Statement; [blank] Case Management Statement

(To be completed by recipient):

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

[ Print this form ]   [ Save this form ]          [ Clear this form ]



**EXHIBIT C**



**DELFINO
MADDEN
O'MALLEY
COYLE
KOEWLER**

Monica Hans Folsom
mfolsom@delfinomadden.com
d. (916) 661-5685

500 Capitol Mall Suite 1550
Sacramento, CA 95814
(916) 661-5700 f. 661-5701
delfinomadden.com

**Via Email & U.S. Mail**

August 7, 2019

Keurig Dr. Pepper
Attn: Marc Yarbrough
5301 Legacy Drive
Plano, Texas 75024
Marc.Yarbrough@kdrp.com

Re:     *Termination of Xyience Distribution Agreement with Saccani Distributing Company*

Dear Mr. Yarbrough:

As you know, our office represents Saccani Distributing Company ("**Saccani**") in relation to the above-referenced matter. Please direct all future correspondence to my attention as I will be handling this matter going forward. I am in receipt of your email dated July 19, 2019 on behalf of Xyience Beverage Company (a Keurig Dr Pepper Company) ("**Xyience**"). This letter responds to the same and makes one final attempt to resolve this matter before resorting to litigation.

While quite creative, the analysis performed by your IT team has no material effect on the dispute at hand. The document attached to Elizabeth Jackson's email of May 8, 2019 was created and modified when the Distribution Agreement between Xyience and Saccani (the "**Agreement**") was converted to a PDF document to send with the initial demand from Saccani. That fact has no bearing on the contents of the Agreement or its enforceability. In response to your claim that the form is "entirely different than the standard form Xyience/Big Red provided to [you]," we have the email from Xyience to Saccani transmitting the initial version of the Agreement. This email is dated June 21, 2006 and establishes that Xyience drafted the Agreement and provided it to Saccani. It is substantially similar to the final version of the Agreement executed by the parties and exchanged via facsimile transmission as requested by Xyience via email on or about July 25, 2006. Following the transmission of such Agreement and its execution by both parties, no further follow-up occurred regarding the Agreement. It was a done deal. As to the sophistication of Xyience's legal counsel in 2006, that is not something we are in the position to evaluate but we assume the company had competent legal counsel to eventually reach its current level of success. If there was not a distribution agreement between the parties, why did Xyience provide a 30-day "Notice of Termination of Xyience Distribution" consistent with the Agreement?

{00134292.3}

Xyience and Saccani have been operating under the Agreement since 2006, more than a decade before Keurig Dr. Pepper's acquisition of Xyience's parent company, Big Red, Inc. During that time, each of the parties has abided by the terms of the Agreement, including pricing, payment, product quality, and geographic exclusivity terms, among others. Such actions evidence the parties' intent for the Agreement to govern their relationship.

Even in the absence of the Agreement, there was a clear and unambiguous promise made by Xyience to abide by the terms of the distributor relationship contained in the Agreement, including the termination penalties that conformed with industry standards, which was reasonably and foreseeably relied on by Saccani in performing the services.[1] Without enforcement of the promise made by Xyience, Saccani will suffer substantial harm. Saccani spent approximately thirteen years developing a market for Xyience's products and investing its time, money, and resources into building Xyience's brand in Northern California. Saccani maintained warehouses, trucks and equipment, and trained sales staff to promote Xyience's products. Xyience and Saccani periodically discussed sales objectives and the performance of Saccani's staff. At no point over the course of the parties' thirteen-year relationship did Xyience object to any of the terms of the Agreement or assert a belief that the Agreement was not in effect. Further, Xyience continued to perform its own obligations consistent with the Agreement. Any reasonable person would interpret these actions as a manifestation of the parties' intent that the Agreement was in effect and governed their relationship. Further, any reasonable person would expect that Saccani was performing its obligations in reliance on the enforceability of the terms of the Agreement and applicable industry standards. The lack of a signed copy of the Agreement in Saccani's possession at this point is irrelevant.

Additionally, the conduct of Xyience and Saccani over the course of the past thirteen years has created an implied contract between the parties consistent with the terms of the Agreement.[2] In addition to the foregoing, and in the absence of the liquidated damages demanded herein, Saccani is entitled to restitution for the benefit it has conferred on Xyience as its distributor for thirteen years.[3] Xyience has been unjustly enriched by Saccani's efforts and continues to benefit from such investment of significant time and money, which Saccani would have not made but for the understanding that Saccani was protected against termination by Xyience unless it received just and fair compensation for its efforts by way of liquidated damages and repurchase of inventory.

For each of the reasons detailed in our previous correspondence as well as those set forth herein, and in an effort to avoid the time and expense associated with litigation, Saccani hereby hereby makes its final demand to settle this matter in its entirety for Two Hundred One Thousand Two Hundred Sixty Dollars ($201,260). Please share this letter and settlement demand with your client. We look forward to your response **no later than the close of business on August 14, 2019**.

---

[1] *Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*, 23 Cal.4th 305, 310 (2000).

[2] "An implied contract is one, the existence and terms of which are manifested by conduct." *Varni Bros. Corp. v. Wine World, Inc.*, 35 Cal.App.4th 880, 889 (1995). "A course of conduct can show an implied promise." *Cal. Emergency Physicians Med. Group v. PacificCare of Cal.*, 111 Cal.App.4th 1127 (2003); *Reely v. Chapman*, 177 Cal.App.2d 260, 263 (1960).

[3] *See First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1662-63 (1992).

Keurig Dr. Pepper
August 7, 2019
Page 3

In the meantime, and absent a resolution of this dispute, please also ensure that Xyience complies with the enclosed Litigation Hold Notice. If Saccani is required to pursue this matter further, it will be forced to pursue recovery of its damages against Xyience through the filing of the enclosed Complaint.[4]

If you have any questions, or would like to discuss the matter further, please do not hesitate to contact me.

Sincerely,

DELFINO MADDEN O'MALLEY COYLE & KOEWLER, LLP

Monica Hans Folsom

Enclosures

cc: Client (via email)

---

[4] Saccani expressly reserves the right to modify this draft Complaint to add additional claims, as appropriate.

{00134292.3}

RE:    TERMINATION OF XYIENCE DISTRIBUTION AGREEMENT WITH SACCANI DISTRIBUTING COMPANY/DISTRIBUTION RIGHTS

TO:    KEURIG DR. PEPPER, BIG RED, INC. & XYIENCE BEVERAGES, INC.

This Litigation Hold Notice serves as a formal demand that you take or cause to be taken all appropriate affirmative steps to preserve any and all evidence related to Saccani's claims concerning or arising out of your termination of the Distribution Agreement between Xyience Beverages, Inc. ("Xyience") and Saccani Distributing Company ("Saccani") (the "Agreement") and any distribution rights granted by Xyience to Saccani (the "Dispute") as required by law and as described below. The destruction or deletion of any evidence may constitute negligent or intentional spoliation of evidence and result in, among other things, monetary, evidentiary and terminating sanctions in any future lawsuit. Intentional spoliation of evidence constitutes a criminal offense pursuant to California Penal Code § 135.

Specifically, you must preserve all relevant paper and electronically stored information and other data including, but not limited to:

- **Electronic files.** Retain all relevant electronic files, including active files, archived files, deleted data which is currently recoverable, and legacy data relevant to the Dispute. Relevant information may be in various electronic formats, such as emails (Outlook PST/Lotus Notes NSF/Gmail)], voicemails, text messages, instant messages (IMs), social media posts, calendars, diaries and word processing files, Google Docs, spreadsheets, PDFs, JPEGs, PowerPoint presentations, Access, and Oracle, and other databases, cloud-based storage, temporary internet files, cookies, and .ZIP files, among others, wherever it resides, including the Internet.
- **Paper documents.** Preserve all paper copies of files, presentations, calendars, diaries, notebooks, and other physical paperwork related to the matter, even if duplicate copies may exist in electronic format.
- **Other materials.** Relevant information is not always presented as a document. Other relevant data (for example, models, diagrams, images, and presentations) also must be retained.
- **Subsequently-made documents.** Your duty to preserve relevant information is ongoing. Be sure to preserve all relevant documents that are composed or received after your receipt of this letter.
- **Electronic hardware and software.** Maintain a copy of hardware and software needed to view electronic files, including all relevant encryption and de-encryption systems, compression and decompression software, and relevant passwords. If hardware containing relevant information is replaced or becomes outdated, retain the appropriate hardware so that relevant data still may be accessed.

Thank you in advance for your cooperation.

1  DELFINO MADDEN O'MALLEY COYLE
   & KOEWLER LLP
2  MONICA HANS FOLSOM (Bar No. 227379)
   KRISTIN N. IVANCO (Bar No. 294993)
3  500 Capitol Mall, Suite 1550
   Sacramento, CA 95814
4  Telephone:     (916) 661-5700
   Facsimile:     (916) 661-5701
5  mfolsom@delfinomadden.com
   kivanco@delfinomadden.com
6
   Attorneys for Plaintiff
7  SACCANI DISTRIBUTING COMPANY,
   a California corporation
8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SACRAMENTO

11

12  SACCANI DISTRIBUTING COMPANY,          CASE NO.
    a California corporation,
13                                         **COMPLAINT FOR DAMAGES AND
                 Plaintiff,                OTHER RELIEF**
14
         v.
15
    KEURIG DR. PEPPER INC., a Delaware
16  corporation; and DOES 1 through 20,
    inclusive,
17
                 Defendants.
18

19       Plaintiff SACCANI DISTRIBUTING COMPANY, a California corporation ("Plaintiff" or

20  "Saccani") alleges against Defendant KEURIG DR. PEPPER INC., a Delaware corporation

21  ("Defendant" or "Keurig"), and Does 1 through 20, the following:

22                  **PARTIES, VENUE AND JURISDICTION**

23       1.      Saccani is, and at all times relevant herein was, a California corporation with its

24  principal place of business located at 2600 5th Street, Sacramento, California 95818. Saccani is a

25  small, family-owned, local beverage distribution business. Saccani was founded in April 1933, after

26  the repeal of prohibition, to distribute alcohol and beverages throughout the Sacramento region.

27  Saccani serves approximately twenty-one (21) counties in Central and Northern California,

28  distributing various brands developed at craft breweries, other domestic and imported beers and a

COMPLAINT FOR DAMAGES

1    wide array of nonalcoholic beverages.

2         2.    On information and belief, Keurig is now, and was at all times herein mentioned, a

3    Delaware corporation with its principal place of business located at 53 South Avenue, Burlington,

4    MA 01803 in the County of Middlesex.

5         3.    Saccani does not presently know the true names and capacities, whether individual,

6    corporate, associate, or otherwise, of Does 1-20, inclusive; therefore, Saccani sues these persons

7    by such fictitious names and will amend this Complaint to show their true names and capacities

8    once the same have been ascertained. Saccani is informed and believes, and on that basis alleges,

9    that each defendant designated herein as a Doe is legally responsible in some manner for the events

10   and happenings herein referred to, and legally caused injury and damages proximately thereby to

11   Saccani as alleged herein.

12        4.    Saccani is informed and believes, and thereon alleges, that at all times relevant

13   herein, each defendant, including any defendant fictitiously named, was the agent, servant,

14   employee, joint venturer, or partner of each of the other defendants, and was at all times acting

15   within the purpose and the scope of such servitude, employment, agency, joint venture, or

16   partnership or at the direction of the other defendants. Each defendant has ratified and approved

17   the acts of its agents.

18        5.    Saccani is informed and believes, and thereon alleges, that at all times relevant

19   herein, each defendant aided and abetted, and acted in concert with and/or conspired with, each and

20   every other defendant to commit the acts complained of herein and to engage in a course of conduct

21   and business practices complained of herein.

22                               **FACTUAL ALLEGATIONS**

23        6.    In 2006, Saccani and Xyience Beverage Company, LLC ("Xyience") began

24   negotiations regarding exclusive distribution of Xyience energy drink products – "Xenergy" and

25   "Xydrate" ("Products") – and ultimately agreed on terms to govern their relationship. As a result,

26   the parties have continuously operated under the terms of a Distribution Agreement entered into in

27   or about July 2006 (the "Agreement"). Since 2006, the Agreement provided Saccani with the

28   exclusive rights to distribute the Products within eighteen (18) counties of Northern California. In

1   doing so, Saccani invested its money, time, talent, and efforts into promoting the Products and

2   building Defendants' brand, equity, and goodwill within the 18-county territory it serviced. On

3   information and belief, Saccani's efforts increased Xyience's market share within Northern

4   California.

5   7.   In 2014, Big Red Group Holdings, LLC ("Big Red") purchased Xyience and

6   continued manufacturing the Products. Following the acquisition, it also continued to honor the

7   terms of the Agreement, including but not limited to pricing, payment, product quality and

8   geographic exclusivity. Indeed, no material changes to Saccani's distribution rights as to the

9   Products occurred.

10   8.   In 2018, Keurig purchased Big Red and, as a result, the Xyience brand. On

11   November 20, 2018, Saccani was notified of this acquisition as it related to Xyience.  Following

12   the acquisition, Keurig initially honored Saccani's exclusive distribution rights as set forth in the

13   Agreement – evidencing the parties' intent for such terms to continue to govern their relationship.

14   9.   During the months following the Keurig acquisition, however, Saccani became

15   aware sales representatives from 7-UP, a subsidiary of Keurig, were distributing the Xyience

16   Products in Saccani's exclusive territories. Shortly after notifying Keurig of this encroachment,

17   Keurig issued Saccani a Notice of Termination of Xyience Distribution on March 27, 2019, to be

18   effective as of April 30, 2019.

19   10.   At no time since 2006 have the terms governing Saccani's distribution of Xyience

20   Products been questioned, amended or re-negotiated by Xyience, Big Red or Keurig. Both Big Red

21   and Keurig ratified the terms of the Agreement by adhering to the parties' thirteen-year course of

22   conduct.

23   11.   Since 2006, Saccani has relied on the existence of the Agreement, as delivered by

24   Xyience, and performed in accordance with its terms. Saccani spent thirteen (13) years developing

25   a market for Xyience's products and investing its time, money, and resources into building

26   Xyience's brand in its territory. Saccani maintained warehouses, trucks and equipment and trained

27   sales staff to promote Xyience's products. Saccani and Xyience periodically discussed sales

28   objectives and the performance of Saccani's staff. At no point over the course of the parties'

{00134201.6}

3

1     thirteen-year relationship did Xyience object to any of the terms of the Agreement or assert a belief

2     that the Agreement was not in effect. Further, Xyience continued to perform its own obligations

3     consistent with the Agreement, manifesting the parties' intent that the Agreement was in effect and

4     governed their relationship. Saccani in turn performed its obligations in reliance on the

5     enforceability of the terms of the Agreement. At all relevant times, the parties abided by the terms

6     and provisions of the Agreement. This includes the termination provisions, apart from Defendants'

7     failure to pay the amounts due as a result thereof.

8           12.     The Agreement provides specific terms regarding a termination of Saccani's

9     distribution rights without cause. Xyience provided thirty (30) days' notice of its termination of

10     Saccani's distribution rights in accordance with those provisions of the Agreement, entitling

11     Saccani to liquidated damages and repurchase of its inventory plus laid-in costs.

12           13.     Even in the absence of a written agreement, Saccani and Xyience's course of

13     conduct over the past thirteen years evidences an implied contract as related to Saccani's

14     distribution rights, which is supported by the parties' course of conduct and the custom and usage

15     of trade in the industry. It is custom in the beverage distribution industry to provide thirty (30) days'

16     notice to terminate distribution rights and to pay liquidated damages plus repurchase of inventory

17     including laid in costs. By failing to pay these amounts upon termination of the parties' relationship

18     and Saccani's distribution rights, Defendants have been unjustly enriched. Defendants must be

19     estopped from denying the existence of an agreement that provides for compensation upon

20     termination without cause.

21           14.     As a result of Defendants' actions Saccani has suffered and will continue to suffer

22     damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be

23     determined at trial.

24                      **FIRST CAUSE OF ACTION**

25                         **Breach of Contract**
                         **(Against All Defendants)**

26

27           15.     Saccani repeats and realleges the allegations contained in paragraphs 1 through 14

28     and by reference incorporates the same as though fully set forth herein.

16.     The parties entered into the Agreement in 2006. The Agreement sets forth the terms and conditions expected of Saccani in distributing the Products, including, among other things, the pricing and payment structure, product quality, and geographic exclusivity terms. The parties operated pursuant to the Agreement until it was terminated.

17.     Defendants terminated the Agreement without cause by providing thirty (30) days' notice.

18.     As a result, Defendants owe Saccani liquidated damages and an amount necessary to repurchase inventory plus laid in costs as set forth in the Agreement. Saccani is also entitled to all other damages caused by Defendants' breach.

19.     As a proximate result of Defendants' wrongful conduct as alleged herein, Saccani has suffered and will continue to suffer damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing (Against All Defendants)

20.     Saccani repeats and realleges the allegations contained in paragraphs 1 through 19 and by reference incorporates the same as though fully set forth herein.

21.     The parties entered into the Agreement in 2006. The Agreement sets forth the terms and conditions expected of Saccani in distributing the Products, including, among other things, the pricing and payment structure, product quality, and geographic exclusivity terms. The parties operated pursuant to the Agreement until it was terminated.

22.     Defendants breached the covenant of good faith and fair dealing when Defendants failed to compensate Saccani as a result of the termination by paying liquidated damages and an amount necessary to repurchase inventory plus laid in costs as set forth in the Agreement.

23.     Defendants' conduct unfairly prevented Saccani from receiving the benefits of the contract.

24.     Defendants are liable to Saccani for its damages and losses resulting from Defendants' breach of good faith and fair dealing.

1    25.    As a proximate result of Defendants' wrongful conduct as alleged herein, Saccani

2    has suffered and will continue to suffer damages in excess of the minimum jurisdictional amount

3    of this Court, the exact amount to be determined at trial.

4                              **THIRD CAUSE OF ACTION**

5                              **Breach of Implied Contract**
                               **(Against All Defendants)**
6

7    26.    Saccani repeats and realleges the allegations contained in paragraphs 1 through 25

8    and by reference incorporates the same as though fully set forth herein.

9    27.    The parties' thirteen-year business relationship was based on the understanding that

10   Saccani would have exclusive distribution rights as to the Products in eighteen (18) counties in

11   Northern California and would be compensated for its efforts in the event of a termination in

12   accordance with the industry standards.

13   28.    Saccani has acted in good faith to fulfill, and has fulfilled, its obligations as

14   distributor of the Products since 2006. Similarly, Defendants have acted in accordance with such

15   mutual understanding of Saccani's distribution rights and the termination thereof by, among other

16   things, operating under the agreed-upon terms for thirteen (13) years and regularly engaging in

17   discussions regarding sales objectives and further performance by Saccani. An implied contract

18   exists based on the acts and conduct of the parties, and the surrounding circumstances, including

19   their agreement regarding price setting, payment structure, product quality, and geographic

20   exclusivity.

21   29.    Defendants breached the implied contract by terminating Saccani's distribution

22   rights without paying Saccani liquidated damages and repurchasing inventory plus paying laid in

23   costs as is customary upon termination of beverage distribution rights.

24   30.    As a proximate result of Defendants' wrongful conduct as alleged herein, Saccani

25   has suffered and will continue to suffer damages in excess of the minimum jurisdictional amount

26   of this Court, the exact amount to be determined at trial.

27   ///

28   ///

{00134201.6}

6

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

### Promissory Estoppel
### (Against All Defendants)

31.     Saccani repeats and realleges the allegations contained in paragraphs 1 through 30 and by reference incorporates the same as though fully set forth herein.

32.     Defendants promised to pay liquidated damages and repurchase inventory in the event Saccani's distribution rights were terminated by Defendants without cause. Saccani relied on this promise, which Defendants have failed and refused to perform.

33.     Saccani's reliance on Defendants' promise was both reasonable and foreseeable based on industry practice and custom as Saccani exclusively distributed the Products in eighteen (18) counties in Northern California for thirteen (13) years, increasing Defendants' market share in such geographic location. Further, the parties operated under the agreed-upon terms for thirteen (13) years and regularly engaged in discussions regarding sales objectives and further performance.

34.     As a result of Saccani's reliance on Defendants' promises, and conduct over the last thirteen years, Saccani has suffered and will continue to suffer damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment
### (Against All Defendants)

35.     Saccani repeats and realleges the allegations contained in paragraphs 1 through 34 and by reference incorporates the same as though fully set forth herein.

36.     Saccani has invested its money, time, talent, and efforts into promoting Defendants' products and building Defendants' brand, equity, and goodwill within Saccani's exclusive region over the last thirteen (13) years.

37.     Defendants have benefited from this investment and continue to benefit from it, which Saccani would not have made but for the understanding that Saccani was protected against termination by Defendants without the payment of liquidated damages and repurchase of inventory to compensate it for its efforts in increasing the value of Defendants' Products.

{00134201.6}

7

COMPLAINT FOR DAMAGES

38.     Defendants have benefited from Saccani's efforts for thirteen years, and now, under new leadership after its recent acquisition refuse to compensate Saccani for such investment.

39.     As a result of Defendants' actions, Saccani is entitled to recover amounts by which Defendants have been unjustly enriched. It would be unjust for Defendants to retain the benefits of the investments, efforts and services of Saccani without paying the reasonable value thereof.

40.     Saccani is entitled to restitution in an amount equal to the reasonable value of such investment and efforts into promoting Defendants' products and building Defendants' brand, equity, and goodwill within Saccani's exclusive region over the last thirteen (13) years, that amount, which is not less than the liquidated damages plus repurchase of inventory including laid in costs provided in the Agreement and/or is custom in the beverage distribution industry, is to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Saccani prays for judgment against Defendants as follows:

1.     For compensatory damages in an amount according to proof;

2.     For other economic and consequential damages in an amount to be determined at trial;

3.     For liquidated damages;

4.     For restitution in an amount according to proof;

5.     For pre-judgment interest in an amount according to proof;

6.     For reasonable attorneys' fees and costs incurred;

7.     For costs of suit; and/or

8.     For such other and further relief as the court may deem proper.

DATED:                                    DELFINO MADDEN O'MALLEY COYLE & KOEWLER LLP


By: _____
                          MONICA HANS FOLSOM
                          Attorneys for Plaintiff
                  SACCANI DISTRIBUTION COMPANY

{00134201.6}                                  8